UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMINE MKRTCHYAN,<br><br>                    Petitioner,<br><br>v.<br><br>GREGORY J. ARCHAMBEAULT, San Diego Field Office Director for Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; JAMES R. MCHENRY III, Acting U.S. Attorney General; DOE 1, Secretary of the U.S. Department of Homeland Security; and DOES 2 through 5,<br><br>                    Respondents. | Case No.: 3:25-CV-133 TWR (DDL)<br><br>**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Armine Mkrtchyan's Petition for Writ of Habeas Corpus Under 8 U.S.C. § 1252 (e)(2) and 28 U.S.C. § 2241 ("Pet.," ECF No. 1). Petitioner, a native and citizen of Armenia, states that she has been held in custody since she entered the United States on October 26, 2024. (Pet. ¶ 15.) On November 22, 2024, Petitioner alleges that she received a negative credible fear determination from an asylum officer who failed to fairly question her, which decision was then reviewed and affirmed

by an Immigration Judge on December 20, 2024. (Pet. ¶¶ 16, 19; ECF No. 1-2; ECF No. 1-3.)

Although Respondents have not moved to dismiss this action, "this Court has an independent obligation to address *sua sponte* whether [it] ha[s] subject matter jurisdiction." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1093 (9th Cir. 2004) (citing *Dittman v. California*, 191 F.3d 1020, 1025 (9th Cir. 1999)); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction[.]" *Id*. (first citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); then citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 182–83 (1936)).

Petitioner asserts that the Court has jurisdiction to hear a limited-scope habeas corpus petition of Petitioner's expedited order of removal pursuant to 8 U.S.C. § 1252(e)(2)(B) because she challenges "whether the petitioner was ordered removed" under 8 U.S.C. § 1225(b)(1), and the scope of review under § 1252(e)(2)(B) "encompasses claims that a purported expedited removal order was invalid on its face or was not lawfully issued due to some procedural defect." (Pet. ¶ 3.) Petitioner primarily alleges that the procedure leading to her order of removal was defective in that the asylum officer who made the negative credible fear determination failed to ask certain questions and ignored critical evidence. (*Id.* ¶ 16.) As such, Petitioner asks that this Court review the determination reached by the asylum officer and affirmed by the Immigration Judge.

"In determining whether an alien has been ordered removed under section 1225(b)(1) of this title, the court's inquiry shall be limited to whether such an order in fact was issued and whether it related to the petitioner. There shall be no review of whether the alien is actually inadmissible or entitled to any relief from removal." 8 U.S.C. § 1252(e)(5). As explicitly held by the U.S. Supreme Court, "courts may not review the determination

that an alien lacks a credible fear of persecution." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 112 (2020). Overwhelming precedent confirms that the limitations in § 1252(e) bar judicial review of the merits of the determinations underlying an expedited removal order. *See Mendoza-Linares v. Garland*, 51 F.4th 1146, 1159 (9th Cir. 2022); *Smith v. U.S. Customs & Border Prot.*, 741 F.3d 1016, 1021 n.4, 1022 (9th Cir. 2014); *United States v. Barajas-Alvarado,* 655 F.3d 1077, 1082 (9th Cir. 2011); *Garcia de Rincon v. Dep't of Homeland Sec.*, 539 F.3d 1133, 1139 (9th Cir. 2008). The extent of the Court's jurisdiction in reviewing an expedited removal under § 1252(e)(2)(B) "is limited to determining 'whether an immigration officer issued that piece of paper and whether the Petitioner is the same person referred to in that order.'" *Mendoza-Linares*, 51 F.4th at 1159 (quoting *Castro v. U.S. Dep't of Homeland Sec.*, 835 F.3d 422, 431 (3rd Cir. 2016)).

Here, there is no question that an immigration officer found that Petitioner lacked a credible fear of persecution, (Pet. ¶ 16), an Immigration Judge reviewed and affirmed that determination, (Pet. ¶ 17), and Petitioner was ordered removed, (Pet. ¶ 21). Petitioner instead asserts that the asylum officer "fail[ed] to interview her for her asylum claim in a fair, reasonable, adequate manner [and] refus[ed] to consider critical evidence supporting Petitioner's asylum claim[.]" (Pet. ¶ 25.) This argument goes to the merits of Petitioner's credible fear determination rather than "whether [Petitioner] has been ordered removed under section 1225(b)(1)." 8 U.S.C. § 1252(e)(5). As such, this Court lacks jurisdiction and must **DISMISS** the Petition.

**IT IS SO ORDERED.**

Dated: February 6, 2025

Honorable Todd W. Robinson
United States District Judge